TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00317-CR






Christopher Oehlerich, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 973539, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING







 A jury found appellant guilty of four counts of aggravated sexual assault of a child,
three counts of sexual assault of a child by contact, and indecent exposure. See Tex. Penal Code
Ann. §§ 22.021, 22.011, & 21.08 (West 1994 & Supp. 1999). The trial court sentenced appellant
to life imprisonment for each aggravated sexual assault conviction, twenty years' imprisonment
for each sexual assault by contact conviction, and ten years' imprisonment for the indecent
exposure conviction. In one issue, appellant challenges the trial court's admission of two graphic
photographs, arguing that they were unduly prejudicial and served no purpose but to inflame the
jury. We will affirm. 


STATEMENT OF FACTS

 The victim, appellant's twelve-year-old daughter, testified that appellant repeatedly
engaged in sexual acts with her, including oral, vaginal, and anal penetration. She identified
sexual paraphernalia that her father had used on her, and she provided graphic detail about the
sexual acts. She indicated that these acts took place over a number of years. Appellant's eight-year-old son corroborated the victim's claims by testifying that he saw the victim perform oral sex
on appellant and that he saw appellant on top of the victim. The victim's uncle testified that she
made the following outcry statements to him: that appellant penetrated her vagina with sexual
paraphernalia; that appellant made her perform oral sex on him; and that appellant urinated on her
while they showered together.

 The State introduced a drawing by the victim of a vibrator and of appellant's penis. 
The victim pointed out that her drawing included several marks meant to portray distinguishing
characteristics of appellant's penis. The trial court then admitted, over appellant's objection, two
photographs of his penis that had been taken by the police. The photographs did not include
appellant's face, but they did show a tattoo on his arm. The victim identified the tattoo and the
penis as appellant's. The trial court also admitted into evidence sexual paraphernalia the victim
identified as items appellant used on her, pornographic photographs signed by the women in the
photographs and addressed to the victim, and a dress from Frederick's of Hollywood that appellant
purchased for the victim. 

 After deliberating for twenty minutes, the jury returned a verdict of guilty on all
counts. 


DISCUSSION

 Appellant argues on appeal that the photographs of his penis should not have been
admitted because their prejudicial nature far outweighed any probative value. Rule of Evidence
403 provides that relevant evidence "may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice." Tex. R. Evid. 403. A violation of the evidentiary
rules that results in the erroneous admission of evidence is nonconstitutional error. See King v.
State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997); Tate v. State, 988 S.W.2d 887, 890 (Tex.
App.--Austin 1999, pet. ref'd). Any nonconstitutional error "that does not affect substantial
rights must be disregarded." Tex. R. App. P. 44.2(b). A substantial right is affected when the
error had a substantial and injurious effect or influence in determining the jury's verdict. See
King, 953 S.W.2d at 271. A criminal conviction should not be overturned for nonconstitutional
error if the appellate court, after examining the record as a whole, has fair assurance that the error
did not influence the jury, or had but a slight effect. See Johnson v. State, 967 S.W.2d 410, 417
(Tex. Crim. App. 1998). 

 Assuming without deciding that the trial court erred in admitting these photographs,
we hold that the error did not affect appellant's substantial rights. The jury had before it
overwhelming testimonial evidence that appellant repeatedly sexually assaulted his daughter for
the majority of her young life, and the victim provided graphic detail of many sexual acts appellant
performed on her. On this record, there is a fair assurance that the allegedly improperly admitted
photographs did not influence the jury, or had but a slight effect. Appellant's sole issue is
overruled. 


CONCLUSION

 The judgment of conviction is affirmed.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: August 26, 1999

Do Not Publish


 A jury found appellant guilty of four counts of aggravated sexual assault of a child,
three counts of sexual assault of a child by contact, and indecent exposure. See Tex. Penal Code
Ann. §§ 22.021, 22.011, & 21.08 (West 1994 & Supp. 1999). The trial court sentenced appellant
to life imprisonment for each aggravated sexual assault conviction, twenty years' imprisonment
for each sexual assault by contact conviction, and ten years' imprisonment for the indecent
exposure conviction. In one issue, appellant challenges the trial court's admission of two graphic
photographs, arguing that they were unduly prejudicial and served no purpose but to inflame the
jury. We will affirm. 


STATEMENT OF FACTS

 The victim, appellant's twelve-year-old daughter, testified that appellant repeatedly
engaged in sexual acts with her, including oral, vaginal, and anal penetration. She identified
sexual paraphernalia that her father had used on her, and she provided graphic detail about the
sexual acts. She indicated that these acts took place over a number of years. Appellant's eight-year-old son corroborated the victim's claims by testifying that he saw the victim perform oral sex
on appellant and that he saw appellant on top of the victim. The victim's uncle testified that she
made the following outcry statements to him: that appellant penetrated her vagina with sexual
paraphernalia; that appellant made her perform oral sex on him; and that appellant urinated on her
while they showered together.

 The State introduced a drawing by the victim of a vibrator and of appellant's penis. 
The victim pointed out that her drawing included several marks meant to portray distinguishing
characteristics of appellant's penis. The trial court then admitted, over appellant's objection, two
photographs of his penis that had been taken by the police. The photographs did not include
appellant's face, but they did show a tattoo on his arm. The victim identified the tattoo and the
penis as appellant's. The trial court also admitted into evidence sexual paraphernalia the victim
identified as items appellant used on her, pornographic photographs signed by the women in the
photographs and addressed to the victim, and a dress from Frederick's of Hollywood that appellant
purchased for the victim. 

 After deliberating for twenty minutes, the jury returned a verdict of guilty on all
counts. 


DISCUSSION

 Appellant argues on appeal that the photographs of his penis should not have been
admitted because their prejudicial nature far outweighed any probative value. Rule of Evidence
403 provides that relevant evidence "may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice." Tex. R. Evid. 403. A violation of the evidentiary
rules that results in the erroneous admission of evidence is nonconstitutional error. See King v.
State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997); Tate v. State, 988 S.W.2d 887, 890 (Tex.
App.--Austin 1999, pet. ref'd). Any nonconstitutional error "that does not affect substantial
rights must be disregarded." Tex. R. App. P. 44.2(b). A substantial right is affected when the
error had a substantial and injurious effect or influence in determining the jury's verdict. See